Christine Scott,            NEW CASE
   Petitioner,

vs.                         Emergency MOTION

State of Florida,        2:22-CV-15-JLB-MRM
   Respondent.

## PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF

The Petitioner, Christine Scott (herein known as "Scott"), Pro Se, indigent defendant in state prosecution, hereby moves this court for declaratory and injunctive relief and for this court to direct Respondent to discharge her from custody on the grounds that she is unlawfully imprisoned and states:

1. Scott seeks redress under 42 U.S.C.S. § 1983 for the deprivation of her federal constitutional right to petition for ballot access because a genuine threat of prosecution exists.

2. Scott seeks an order enjoining the State of Florida from arresting and prosecuting Scott at any time in the future for petitioning to gain ballot access, which is a constitutionally protect federal right, on private property that

U.S. Courthouse - Ft. Myers Division

is open to the public/quasi-public land.

3. Scott is an indigent candidate seeking to gain ballot access by petition, for the 2022 election cycle for the federal seat of United States House of Representatives, in Florida's 22nd District (due to the fact that this is a redistricting year, it is possible Scott's district will change depending on whether or not the district lines are altered in such a manner as to situate Scott within the boundaries of another district).

4. The United States Supreme Court has ruled that if an indigent candidate is left with no other way to gain ballot access but to pay the fee, she must be placed on the ballot. (Panish v. Lubin)

5. Due to Scott's illegal imprisonment based on a false arrest for petitioning, on private property that is open to the public, to gain ballot access, she has no other way to access the ballot but to pay the fee, hence her name must be placed on

U.S. Courthouse - Ft. Myers Division

the ballot, since she cannot petition for ballot access from jail.

6. In accordance with the U.S. Supreme Court's ruling in PruneYard Shopping Center v. Robins, 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed 2d 741 (1980)(the U.S. Supreme Court held... its... decision did not ex proprio vigor limit the authority of a state to exercise its police power or its sovereign right to adopt in its own constitutional individual liberties more expansive than those conferred by the federal constitution. The Supreme Court held that the requirement that appellants permit appellees to exercise state-protected rights of free expression did not infringe appellants' property under the taking clause, because nothing suggested that the exercise of those rights would unreasonably impair the value or use of appellants' property. Justice Marshall concurred that the "decision in the case at bar presented part of a healthy trend of affording state constitutional provisions a more expansive interpretation than was being given to the

Federal Constitution, and that the... decision was not violative of due process, <u>even though it placed a limitation on the common law of trespass</u>." Justice White concurred, agreeing 'that on the record in the case at bar <u>there had been no unconstitutional infringement of the shopping center owner's rights</u>...' As in Scott's case where she was arrested for petitioning, the U.S.S.C. in 'PruneYard' states that "<u>the shopping center by choice of its owner is not limited to the personal use of appellants. It is instead a business establishment that is open to the public to come and go as they please.</u> The views expressed by members of the public in passing out pamphlets or seeking signatures for a petition thus will not likely be identified with those of the owner."

7. Unlike 'PruneYard', Walmart and Publix do not have 'a policy not to permit any visitor or tenant to engage in any publicly expressive activity, including the circulation of petitions, that is not directly related to

pg. 4 of 50

U.S. Courthouse - Ft. Myers Division

its commercial purposes.' as delivered by Justice Rehnquist in his opinion.

8. As was argued by a lower court in 'PruneYard', "It bears repeated emphasis that we do not have under consideration the property or privacy rights of an individual homeowner or the proprietor of a modest retail establishment."[1] As was the case with 'PruneYard', Walmart, Publix or big box stores, are not individual home or modest retail establishments.

9. The Younger principles is not an absolute policy and does not apply in this case. When a genuine threat of prosecution exists, a litigant is entitled to resort to a federal forum to seek redress[2] for an alleged deprivation of federal rights. Scott has a federally protect constitutional right to ballot access, which is protected by her right to petition. Walmart, like Publix, Lowes and many big box

---

[1] (see Diamond v. Bland, 3 Cal. 3d 653, 665, 477 P. 2d 733, 741 (1970)

[2] under 42 U.S.C.S. § 1983

pg. 5 of 50

U.S. Courthouse - Ft. Myers Division

shopping establishments is traded on the New York Stock Exchange. The stocks are subject to federal oversight and rules by the Security Exchange Commission, a branch of the federal government. The stock are sold interstate and globally, not just within the State of Florida, which allows this court jurisdiction over the properties owned by a big box store, rather than only when the land on which the big box store is situated at a location owned by an individual property owner. In such, this court may address all large retailers that are open to the public.

10. When a property owner is a publicly traded company that is attempting to block the constitutionally protected right to petition to gain ballot access, which is a federally protected right, and when that property owner has foreign investors, which one can safely assume all publicly traded companies have, then there becomes an issue of foreign interference in

U.S. elections when that partially foreign owned entity that is open to the public refuses to allow American citizens to petition for ballot access at that property owned by a publicly owned property located on U.S. soil.

11. Injunctive relief is necessary in order to afford adequate protection of constitutional rights, as explained in detail within this petition.

12. On Nov. 9, 2021, Scott was falsely arrested at a Walmart, in Clewiston, FL, for legally petitioning for ballot access as a candidate running for U.S. House of Representatives, in Florida's 22nd District. Approximately two-to-three weeks prior to the Nov. 9, 2021 arrest, Scott had been falsely arrested for petitioning for ballot access, at a Gun Show, in West Palm Beach's South Florida Fairgrounds, a privately owned corporation.

13. During the 2020 election cycle, Scott also ran for the office of United States House of Representatives, in Florida's District 22. Palm Beach County Sheriff deputies, Broward County Sheriff deputies and local police officers in various cities within the 22nd district stopped Scott from petitioning, often citing her with a trespass warning. This happened 27 times on 25 different days throughout District 22. In and of itself, it caused enough harm to Scott's ability to petition to keep her off the ballot, which denied 1) her right to petition, and 2) her federally protected constitutional right to ballot access. Scott was warned by law enforcement not to trespass at several publicly traded quasi-public locations such as Walmart, Home Depot, Lowes and Publix. Some of the locations were on privately owned property within a shopping

mall or complex, while others are on property own outright by the publicly traded corporation, such as was the case at particular Walmart, Home Depot, Lowes and Publix locations. That being said there were some shopping center complexes where Scott did not encounter law enforcement citing her for trespass for petitioning on privately-owned property that is open to the public. After four or five days of petitioning at any particular location, one runs into the same people so often as to make the location rather futile for the purposes of petitioning for ballot access.

14. In accordance with the United States Supreme Court's ruling in 'PruneYard' based on Florida's more expansive state

U.S. Courthouse - Ft. Myers Division

constitutional provisions, specifically in Article 1 - Declaration of Rights, sections 4 and 5, and Kevin E. Wood v. State of Florida (cir. court, 2003 - Westlaw), which addresses Florida's long standing public policy allowing petitioning on quasi-public property and reversed/dismissed a trespass charge/judgment against a candidate who was petitioning for ballot access. Christine Scott had a state and federal right to petition for ballot access at Walmart, a publicly traded corporation which trades on the New York Stock Exchange, that is open to the public/quasi-public land since the U.S. Supreme Court's ruling in 'PruneYard' placed a limitation of trespass, related to petitioning, at such locations.

## Overview

Scott had a right to petition at Walmart because it is quasi-public/open to the public, in accordance to Kevin E. Wood v. State of Florida (cir. court, 2003 - Westlaw), 'PruneYard' and

Case 2:22-cv-00033-JLB-NPM   Document 1   Filed 01/18/22   Page 11 of 11 PageID 11

U.S. Courthouse - Ft. Myers Division

and Florida's Right to Assemble, which is found under section 5 of Art. 1 - Declaration of Rights found in the 1968 Revised Constitution stating, "The people shall have the right peaceably to assemble, to instruct their representatives, and to petition for redress of grievances." The latter of which represents Florida's expansive constitutional provision protecting a Floridian's right to petition.

    The U.S. Supreme Court's ruling in 'PruneYard' allows petitioning on private property that is open to the public based on the state's expansive constitution that protects free speech and the right to petition. (In Florida, free speech is protected under section 4 of Article 1 - Declaration of Rights, which specifically states, "No law shall be passed to restrain or abridge the liberty of speech...") In the same vein, Florida's Constitution - like that of the California Constitution exampled in 'PruneYard' - is also more expansive than the U.S. Constitution in terms of